# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2020

Lyle W. Cayce
Clerk

No. 19-20761
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROQUE URDIALES GARCIA, also known as El Profe, also known as Roberto,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-232-3

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Roque Urdiales Garcia was convicted on numerous counts related to being the leader of a "very large and long lasting drug conspiracy." *United States v. Maseratti*, 1 F.3d 330, 334 (5th Cir. 1993). He received a prison term of 600 months. Garcia appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 66 to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20761

Sentencing Guidelines and his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

The Government has filed a letter, arguing that Garcia's appeal should be dismissed because his notice of appeal was untimely. Garcia's notice of appeal was filed well after the expiration of the 14-day deadline for filing a notice of appeal and beyond the 30-day period during which the district court could have extended the time for filing a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i), (b)(4). Accordingly, the appeal is DISMISSED as untimely.[1]

---

[1] In any event, Garcia is not eligible for a sentencing reduction. Amendment 66 modified section 2D1.5 of the Sentencing Guidelines. *See* U.S.S.G. § 2D1.5, Historical Note, (amended effective October 15, 1988 (*see* Appendix C, amendment 66)). But Garcia's Presentence Report used a different provision, section 2D1.1, to calculate his offense level. As for his appeal of the district court's refusal to reopen the case under Federal Rule of Civil Procedure 60(b)(6), that civil rule does not apply in criminal cases.